IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brokale Lytte Marques,<br><br>Petitioner,<br><br>v.<br><br>Attorney General of the State of Arizona, et al.,<br><br>Respondents. | No. CV-19-04541-PHX-DJH<br><br>**ORDER** |

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition") (Doc. 1) to which Respondents filed a Response (Doc. 14). Following a thorough analysis, Magistrate Judge Michael M. Morrissey recommended denial of and dismissal with prejudice of the Petition (the "R&R"). (Doc. 16). No objections have been filed.

**I.   Background**

As accurately stated by the Magistrate Judge, Petitioner raises six grounds for relief in his Petition: disproportionate sentencing, overzealous prosecution, failure by the trial court to consider mitigation, double jeopardy, error by the trial court in accepting his plea, and ineffective assistance of counsel. After a thorough and detailed reviewed, Judge Morrissey concluded that Petitioner's guilty plea was knowingly and voluntarily made, and Petitioner's remaining grounds for relief were without merit. He thus recommends that the Petition and the claims therein be denied and dismissed with prejudice. He further recommends that the Court deny a Certificate of Appealability and leave to proceed *in*

*forma pauperis* on appeal because Petitioner has not made a substantial showing of the denial of a constitutional right and jurists of reason would not find the substantive ruling debatable.

## II.   Standard of Review

This Court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which" a Petitioner objects. 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (same). Further, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). At the same time, however, the relevant provision of the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(C), "does not on its face require any review at all. . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1989); *see also Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir. 2005) ("Of course, *de novo* review of a R&R is only required when an objection is made to the R&R"). Likewise, it is well-settled that "'failure to object to a magistrate judge's factual findings waives the right to challenge those findings[.]'" *Bastidas v. Chappell*, 791 F.3d 1155, 1159 (9th Cir. 2015) (quoting *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (internal quotation marks omitted) (footnote omitted)).

## III.   Analysis

Judge Morrissey advised the parties that they had fourteen days to file objections and that the failure to timely do so "may result in the acceptance of the Report and Recommendation by the district court without further review." (Doc. 16 at 21) (citing *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*)). Over fourteen days have passed and neither party has filed an objection.

Absent any objections, the Court is not required to review the findings and recommendations in the R&R. *See Thomas*, 474 U.S. at 149 (noting that the relevant provision of the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), "does not on its face

require any review at all . . . of any issue that is not the subject of an objection."); *Reyna-Tapia,* 328 F.3d at 1121 (same); Fed.R.Civ.P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to.").

Nonetheless, the Court has reviewed Judge Morrissey's comprehensive and well-reasoned R&R and agrees with its findings and recommendations. The Court will, therefore, accept the R&R and dismiss the Petition. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."); Fed.R.Civ.P. 72(b)(3) (same).

Accordingly,

**IT IS ORDERED** that Magistrate Judge Morrissey's Report and Recommendation (Doc. 16) is **ACCEPTED** and **ADOPTED** as the Order of this Court.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, a Certificate of Appealability and leave to proceed in forma pauperis on appeal are **DENIED** because Petitioner has not made a substantial showing of the denial of a constitutional right and jurists of reason would not find the substantive ruling debatable.

**IT IS FINALLY ORDERED** that the Clerk of the Court shall terminate this action and enter judgment accordingly.

Dated this 5th day of August, 2020.

Honorable Diane J. Humetewa
United States District Judge